IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA ANTRETTER, | : | 1:10-cv-1924 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| Defendant. | : | |

## **MEMORANDUM**

### October 28, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 6), filed on October 8, 2010, which recommends that the complaint of Plaintiff Laura Antretter ("Plaintiff" or "Antretter") be dismissed after screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R and dismiss this action.

---

[1] Objections were due by October 25, 2010.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d. Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept recommendations." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson,* 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

Plaintiff, a private dog kennel owner, proceeding *pro se*, brings this action claiming that the Defendant, the Commonwealth of Pennsylvania, has violated her civil rights by enacting laws relating to the powers of dog wardens and the

ownership of more than 25 dogs. Plaintiff alleges that, as a result of these new laws, she has been the subject of civil enforcement proceedings for violations of those laws. Plaintiff was also cited with twenty misdemeanor offenses relating to the operation of her kennel, as well as numerous other infractions. Plaintiff notes that the criminal case is still pending. In her prayer for relief, Plaintiff seeks $10,000,000.00 in damages and a permanent injunction against the Commonwealth, forbidding it from enforcing these laws against her.

After an exhaustive and thoughtful screening this complaint pursuant to 28 U.S.C. § 1915, Magistrate Judge Carlson recommends dismissal with prejudice since: (1) the Eleventh Amendment forbids plaintiffs from bringing damages actions against the state in federal court; (2) principles of federalism require this Court to abstain from entertaining a lawsuit which would enjoin a pending state criminal case; and (3) Plaintiff has not shown that she is entitled to injunctive relief, since the courts that have considered this issue have all upheld the constitutionality of Pennsylvania's animal welfare laws. We agree with Magistrate Judge Carlson that these three reasons all call for the dismissal of Plaintiff's action.

As we have already mentioned, neither Plaintiff nor the Defendant have filed objections to this R&R. Because we agree with sound reasoning that led the

3

Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this documents, as it accurately reflects our consideration and resolution of the case *sub judice.* An appropriate Order shall issue.